IN THE UNITED STATES DISTRICT COURTIL
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CARLOS D. EATON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 2:15-cv-02458-STA-egb |
| RANDY LEE, | ) ) ) | |
| Respondent. | ) | |

ORDER GRANTING MOTION TO DISMISS,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Carlos D. Eaton, a Tennessee state prisoner, has filed an amended petition under 28 U.S.C. § 2254 seeking habeas corpus relief ("petition"). (ECF No. 11.) Before the Court is the motion to dismiss of Respondent, Randy Lee. (ECF No. 18.) For the reasons that follow, the motion is **GRANTED**.

### Eaton's State Proceedings and § 2254 Petition

On July 10, 1995, Eaton was convicted of first degree murder following a guilty plea. He was sentenced to an effective term of life imprisonment with the possibility of parole in the Tennessee Department of Correction. (ECF No. 11 at 1.) The defendant did not appeal his guilty plea or seek post-conviction review by any state court. (*Id.* at 24.) On October 31, 2013, Eaton filed a petition for writ of *coram nobis* in which he claimed the existence of newly discovered exculpatory evidence. (ECF No. 19-1 at 75-78.) On December 17, 2014, the Tennessee Court of Criminal Appeals ("TCCA") affirmed the judgment of the *coram nobis* court, concluding, in part, that the evidence was not "newly discovered," as required by the

1

*coram nobis* statute, and that the evidence did not "demonstrate that [Eaton] is actually innocent of" first degree murder. *Eaton v. State*, No. W2014-00791-CCA-R3-ECN, 2014 WL 7179490, at *2-3 (Tenn. Crim. App. Dec. 17, 2014). Petitioner did not seek permission to appeal to the Tennessee Supreme Court. (ECF No. 11 at 3.) On January 9, 2015, Eaton filed a state writ of habeas corpus in the Circuit Court for Johnson County, Tennessee. (ECF No. 19-5 at 14-16.) On November 16, 2015, Eaton's state habeas corpus petition was denied as non-cognizable. (ECF No. 19-5 at 19.)

On June 10, 2015, Eaton filed his *pro se* § 2254 petition, which he later re-filed on the Court's official form. (ECF No. 11.) Relying on a photograph he alleges he received in the mail in 2015, Petitioner claims that he is innocent of the crime of first degree murder and that his actual innocence also allows him to avoid the statute of limitations for the filing of a § 2254 petition. (*Id.* at 2, 4, 7.)

**Discussion**

Respondent has moved to dismiss the petition on the ground that Eaton's claim is untimely and equitable tolling is not warranted. (ECF No. 18.) The Court agrees. The petition's allegations, which include references to photographic and other evidence, along with public documents in Eaton's state court criminal and *coram nobis* cases, show that Eaton filed his federal habeas claims well beyond the limitations period and that he is not entitled to actual-innocence equitable tolling.

A defendant may raise a statute of limitations affirmative defense "'on a motion to dismiss under Rule 12(b)(6) when it is apparent from the face of the complaint that the time limit for bringing the claim has passed.'" *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992) (quoting 5 Wright and Miller, *Federal Practice and Procedure,* § 1308, p. 695

(West 1990). In ruling on a 12(b)(6) motion, the court may consider "exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016). Where such information shows "that the limitations period has been exceeded," and does not "sketch a factual predicate that would warrant the application of either a different statute of limitations period" or the application of a tolling principal, "dismissal is appropriate." *Santana–Castro v. Toledo–Dávila,* 579 F.3d 109, 114 (1st Cir. 2009) (internal quotation marks and citation omitted). *See also Hensley Mfg. v. ProPride, Inc.*, 579 F. 3d 603, 613 (6th Cir. 2009) ("[T]here is no reason not to grant a motion to dismiss where the undisputed facts conclusively establish an affirmative defense as a matter of law.").

A § 2254 petition is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of four possible dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The one-year limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review . . . is pending . . . ." 28 U.S.C. § 2244(d)(2).

3

In this case, § 2244(d)(1)(A) applies, and the limitations period for Eaton's federal habeas claim began to run from the date on which the judgment of conviction became final. Because Eaton did not take a direct appeal, his judgment of conviction became final on August 9, 1995—thirty days after it was entered on July 10, 1995. *See Eberle v. Warden, Mansfield Correctional Inst.*, 532 F. App'x. 605, 609 (6th Cir. 2013) (where no appeal has been filed, the conviction becomes final when the time for direct appeal expires); *State v. Howard*, 2012 WL 3064653 at * 8 (Tenn. Crim App. 2012) (in Tennessee, the time for a criminal defendant to file a notice of appeal is usually thirty days) (citing TENN. R.APP. P. 4(a), (c)). The one-year statute of limitations therefore expired on August 9, 1996.

Eaton filed his § 2254 petition on June 10, 2015, nearly nineteen years after the end of the limitations period. His filing of *coram nobis* and habeas corpus petitions in the state courts in 2013 and 2015, respectively, do not serve to toll the limitations period under § 2254. The period expired long before the inmate filed his state post-conviction petitions and the statutory tolling provision "does not . . . 'revive' the limitations period . . . , [but] can only serve to pause a clock that has not yet fully run.'" *Vroman v. Brigano*, 346 F. 3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Petitioner concedes that his federal habeas claim is untimely, but he argues that the limitations period is subject to equitable tolling on the ground that he is actually innocent of first degree murder.

The one-year statute of limitations in 28 U.S.C. § 2254 (d)(1) is not a jurisdictional bar and is subject to equitable tolling on a "gateway" claim of actual innocence. *McQuiggin v. Perkins,* 133 S.Ct. 1924, 1930–31 (2013); *cf. Souter v. Jones,* 395 F.3d 577, 588–90, 597–601 (6th Cir. 2005) (a credible claim of actual innocence can equitably toll the statute of limitations). A valid claim of actual innocence requires a petitioner "to support his allegations of

4

constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The petitioner must show that, in light of the new evidence, "'it is more likely than not that no reasonable juror would have convicted [him].'" *Perkins*, 133 S.Ct. at 1933 (quoting *Schlup,* 513 U.S. at 329). "To assess that question, a court must survey 'all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.'" *Eberle*, 532 F. App'x at 613 (quoting *House v. Bell,* 547 U.S. 518, 538 (2006) (internal quotation marks omitted)).

According to Eaton, a photograph from the day of the offense proves that he is actually innocent of murder. The photograph shows the Petitioner with his co-defendant, who is wearing a red shirt and dark pants and purportedly holding a .32 caliber pistol. Petitioner alleges that witnesses reported that they saw a person wearing a red shirt and dark pants shoot the victim and that the victim was shot with a .32 caliber gun. (ECF No. 20 at 4.) Petitioner argues that the photograph proves that his co-defendant fired the fatal shot. (ECF No. 11-1 at 35-38; ECF No. 20 at 3-4.)

Even if the 1994 photograph could be considered "new" evidence (Eaton is shown looking directly at the camera, so he must have known of the photo's existence as of the day it was taken), Eaton has not demonstrated that, in light of the photograph, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of first degree murder. Petitioner, who pled guilty to first degree murder, admitted to police that he fired a .22 caliber pistol at the victim during the course of a robbery. (ECF No. 19-1 at 42-43.) Eaton is correct that the photograph could help support a theory that the victim died as a result of a shot

fired from his co-defendant's gun, rather than his own. Nevertheless, as the TCCA concluded in Eaton's *coram nobis* appeal, his confession is evidence that he was "at least criminally responsible for the victim's death, rather than directly responsible as the shooter." *Eaton*, 2014 WL 7179490, at *3; *see also* Tenn. Code Ann. § 39-11-402 ("A person is criminally responsible for an offense committed by the conduct of another, if, . . . (2) Acting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense[.]") The photograph therefore does not necessarily negate Petitioner's guilt. *See Eaton*, 2014 WL 7179490, at *3; *see also Helmka v. Curley*, No. 09-12670, 2012 WL 3020037, at *5 (E.D. Mich. July 24, 2012) (holding that petitioner was not entitled to actual-innocence equitable tolling in light of his guilty plea and "own statement of the facts"). Accordingly, the Court finds that Eaton is not entitled to actual-innocence equitable tolling.

The motion to dismiss the petition as untimely is therefore **GRANTED**. The petition is **DISMISSED**, and judgment shall be **ENTERED** for Respondent.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); FED. R. APP. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §§ 2253(c)(2) & (3). Although a COA does not require a showing that the appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), a court should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, there is no question that the petition should be dismissed for the reasons stated. Because any appeal by Eaton does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. FED. R. APP. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reasons it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 13, 2017.